## CLOYES ET AL. VS. KEATTS ET AL.

A valid pre-emption right to the land lying on one bank only of a river, does not entitle the owner to the exclusive privilege of keeping a public ferry—such right, accompanied by possession, would entitle him, under the restrictions in chapter 69, Digest, to the privilege of having a public ferry from the shore on which his own land was situated.

The complainants allege that they are entitled to a valid legal pre-emption to a certain tract of land lying upon the bank of the Arkansas river: that the land has been illegally selected, under a grant by Congress, for the use of the territory of Arkansas, and a patent issued by the general government; that the complainants have filed a bill against the State of Arkansas and others to cancel the patent and for possession of the land which is now pending: that the defendants, with full knowledge of the complainants' right, have obtained possession of the bank of the river and now have a public ferry there; and praying that they account to the complainants for the rents and profits of the ferry, and deliver possession, etc. *Held* that, in no view, does the bill present any case for relief.

*Appeal from the Circuit Court of Pulnski county in Chancery.*

The Hon. WILLIAM H. FEILD, Circuit Judge.

FOWLER for the appellants.

WATKINS & GALLAGHER for the appellees.

1. The mere ownership and possession of land even on both banks of a stream, do not give a party a right to keep a ferry. (*Digest chap.* 69.)

2. As the bill is silent upon the subject of the proprietorship on the opposite bank, it may well be that the appellees have license based upon their possession on that side; and if so, they could not be prevented from landing on this bank.

3. But an insuperable objection to the relief sought in this case, is, the bill admits that there is an outstanding patent in full force. It does not seek to cancel the patent and perfect complainants' equitable, into a legal title. According to our understanding of the law, appellants can have no relief against any one in possession of this land, until the patent is first set aside, and when that is done, then they could have further decree for possession and rents.

Mr. Justice SCOTT delivered the opinion of the Court.

This case was brought here by appeal from the Chancery side of the Pulaski Circuit Court.

The appellants filed a bill, alleging a pre-emption right in the heirs of Cloyes, to the north-west fractional sec. 2, in township 1, north of range 12 west. That, before the same was consummated, Governor Pope, under the pretended and assumed authority of an act of Congress, granting one thousand acres of land to the territory of Arkansas for the erection of a Courthouse and jail at Little Rock, selected, illegally, and by mistake both of law and of fact, or arbitrarily or fraudulently, as a part of said grant, the aforesaid fractional quarter section. That, in pursuance of said selection, a patent was afterwards issued by the general government to the said Governor, for the use of the

territory, for the lands so selected by him, including said fractional quarter, under which the Governor for the use aforesaid, took possession of the land patented, and under pretended authority of law disposed of it. That, in April, 1843, the appellants filed their bill in the Pulaski Circuit Court, against the State of Arkansas, William E. Woodruff and others, to cancel said patent, to establish more fully the title of the appellants to said fractional quarter, and to quiet and give the possession of the same to them, and for other purposes: which bill, although diligently prosecuted, is still pending.

That the entire northern boundary of said fraction is upon the Arkansas river, a large, navigable and unfordable stream. That the right and privilege of keeping a public ferry thereon, and the ferry rights and privileges attached to, and pertaining to said fraction of land to the middle of the stream, are the sole and exclusive right and property of the appellants, both at law and in equity. That the same is of the value of at least twenty-five hundred dollars per annum.

That the appellees, with full knowledge of the appellants' rights in the premises, in April, A. D. 1850, and without authority from them, unlawfully took possession of the whole of the bank of said river, to the full extent of said fraction of land, and of all the rights and privileges pertaining thereto, and by various appliances, obtained from some Court a license to keep a public ferry thereon, and from that time until the present, have continued to hold such possession, and to keep such public ferry, and receive all the emoluments and rents and profits arising therefrom, although often requested to surrender such possession, and to pay such profits to the appellants. And, praying that the appellees may be made parties defendant to the bill. That they may be required to answer it. May be made to account, and by decree made to pay to the appellants, whatever sum they have received, or ought to have received; and to deliver to the appellants the possession of said river bank, and the said ferry privileges, and that they may be enjoined from ever hereafter interfering therewith; and for general relief.

The appellees demurred to the bill, and the Court below sustaining the demurrer, dismissed it, and the appellants appealed to this Court.

It is insisted on behalf of the appellants that, inasmuch as they allege in their bill a valid pre-emption right, which the demurrer admits, they are entitled to the exclusive privilege of keeping a public ferry from the shore of the river on which the land in question is situated.

The Statute does not so provide.   Exclusive ferry rights are, in general, allowed only to those who own the land, or have possession of it by pre-emption right, or settlement, on both opposite banks of the river; and even such persons cannot be allowed a license to keep a public ferry unless the County Court shall be satisfied that the public convenience will be promoted thereby; and not even then, if within one mile above or below a ferry is already established, except at, or near cities or towns. (*Digest chap*. 69, *sec*. 2, 7, 20.)   Where one owns the land, or has possession of it by pre-emption, on one side of the river only, he may, under the above restrictions, have the privilege of a public ferry from his own shore, with that of landing his boat and passengers on the opposite shore, and making the landing and road there, and keeping the same in repair.

But in the case before us, the appellants fail to allege with their pre-emption right, any such possession: on the contrary, they expressly allege, as to the lawful possession of the land, that Governor Pope entered upon it under the patent to him from the general Government; and that they, themselves, have been disseized, and remain so: and the possession of the land is a part of the specific relief, that they pray may be decreed to them, so as to enable them by its union with their alleged pre-emption, to apply for a license to keep a public ferry.

In the absence of any allegations in the bill to the contrary, these appellees may be presumed to be in the possession of the bank of the river, to the extent of the fraction of land in question, as alleged, either in virtue of ownership, or of a pre-emption right coupled with possession of the lands on the opposite bank of the river, and a license to keep a public ferry, from the

proper Court, founded thereupon: or in virtue of the patent and alleged possession thereunder, obtained by Governor Pope, and regularly transmitted to them.

And in no view, does the bill present any case for relief. Because, in equity the rents and profits pertaining to the fractional quarter section of land, including any arising from lawful ferry privileges attached thereto, or isssuing thereout, belong to the lawful owner of the land; and according to the bill, that ownership is now in litigation between the appellants and the State of Arkansas, William E. Woodruff and others, who hold under an outstanding patent from the general government. And to allow these appellants to recover, according to their specific prayer, the possession of this land and the rents and profits sought, under such circumstances, would be not only to allow them to recover upon the weakness of their adversaries' title, so far as this suit is concerned, but to recover moneys which the chancellor may ultimately find rightfully belonging to parties claiming under the patent, whom the appellants have not thought proper to make parties to this suit. The chancellor does not thus do things by halves, or grant relief to parties when it is uncertain, according to their own showing, whether or not they are entitled to it. If these points for relief are not already embraced in the appellants' bill, now pending against those holding under the patent, for its cancellation, and other relief, the chancellor will, doubtless, hear them hereafter, should he determine, after full hearing, that the patent shall be canceled, or that the title obtained under it shall enure to the benefit of these appellants.

Finding no error in the record, the decree of the Court below will be affirmed.