HAYNES, ADM'R. *v.* WELLS.

FERRY FRANCHISE—A ferry franchise is a grant from the State, and it cannot be created by parties and made transferrable and descendable in fee, or absolutely, as individual property, separate and apart from the land.

To WHOM LIMITED—The right of a ferry license is limited, by statute, to the owner or party rightfully in possession of the land on the river, and is regulated by the proper authorities for the public good.

JURISDICTION OF COUNTY COURT—*In matters of*—Whether the establishment of a ferry is for the public convenience, except where inhibited by statute, is a question for the proper county court, and its decision is absolutely binding upon every one, unless exceptions be taken and the judgment reversed or set aside.

*Appeal from Perry Circuit Court.*

HON. W. N. MAY, Circuit Judge.

*Garland & Nash*, for appellants.

It is clear that Wells' attempt to carry on the ferry, was in direct violation of law. *Gould's Dig chap. 70, sec. 1, et seq.*, and it is perfectly evident that this ferry franchise in Haynes, or his estate, was property which the courts would protect. See *Brearley v. Norris, 22 Ark. 514; 18 Ib. 19; 20 Ib. 561; Ib. 573.* But the case of *Conway v. Taylor, Excrs. 1 Black (U. S.) Reps. 603, et seq.*, settles all questions here for Haynes; and this case, with the authorities there cited, show that an injunction was the only adequate remedy Haynes had by which to protect his rights here. *2 Eden on Injunctions, by Waterman, 271-2 and notes.*

*Clark & Williams*, for appellee.

There is no franchise in this State separate from the ownership of lands. *Cloyes v. Keatts, 18 Ark. 19.* See also, *Gould's Dig. chap. 70, sec. 2*, as revised by the act of April 6, 1869; see *Acts 1869, p. 119.* A ferry right is a franchise belonging to

the sovereign power; see *Day v. Stetson, 8 Greenlf. 365; 15 Pickering, 243; Alrey v. Harris, 5 Johns. 175; People v. Babcock, 11 Wend. 586;* and no one can establish a ferry without per-mission of the sovereign power. *Stark v. McGowen, 1 Nott & M. 387; Zane v. Zane, 2 Virginia cases 13.*

GREGG, J.

The appellant brought his bill in equity, in the Conway cir-cuit court, to enjoin the appellee from running a ferry, on the Arkansas river, at Lewisburg. He alleges that Thomas Haynes, in his life time, owned the exclusive right of way and privilege of a ferry landing; that such privilege, on each bank of the river, had been conveyed to him by the owners of the soil; that he had been licensed by the proper authorities to exercise such privilege, etc., and that he and his legal represen-tatives had so exercised it, exclusively, for over seven years, up to the time when the defendant set up a rival ferry, which was within less than one mile of his ferry; that complainant was no party to defendant's application for license, when the same was granted to keep and run such rival ferry; that said defend-ant claimed to be the owner of the soil at the landings of his ferry, but that at the time he purchased said lands, he knew the ferry privilege, as aforesaid, properly belonged to the com-plainant, and he prays that the defendant be enjoined and re-strained from keeping such ferry.

The defendant responded that Thomas Haynes, in his life-time, had no valid or legal right to keep, use or control such ferry privilege; he admits that Haynes run a ferry for several years, but alleges that the landing was on the real estate of the defendant, and that Haynes and his legal representatives were tenants of his, and that they paid him an annual renting for that privilege; he denies that he ever had undisputed posses-sion. He admits that Haynes and Gray, who claimed the lands, conveyed to Thomas Haynes a right of way to a ferry

30

landing, but says that they had no ferry rights that they could convey; that a right of way or ferry privilege, could not carry with it a ferry franchise against the owner of the lands, and that he owns the lands and has a license procured, over the resistance of complainant and his counsel, from the proper authorities, and that by virtue of his ownership of the lands adjoining the river, and his license, he is rightfully exercising such ferry privilege; and he submits, by way of demurrer, that there is no equity in complainant's bill; that he has shown no title, etc.

Replications were entered and the case set for hearing; depositions were taken, and at the May term, 1870, the case was heard upon the bill, answers, replications, exhibits and depositions.

The court found in favor of the defendant and dismissed the bill for want of equity, and decreed costs against the complainant, from which he appealed to this court.

The complainant showed that certain owners of the lands conveyed to his intestate a right of way and ferry privilege, but shows no conveyance of the soil or any interest therein.

The conveyances seem to have been made upon the supposition that the ferry franchise was individual property that would descend or might be transferred without regard to the claims of the State, or any right in the lands.

Our statute declares that "Every person owning the land fronting on any public navigable stream, shall be entitled to the privilege of keeping a public ferry over or across such navigable stream," etc. *Sec. 2, of chap. 70, Gould's Digest.*

Section 7, of the same chapter provides, that any one, wishing to procure a license, shall show that he is lawfully in the possession of such land, etc. On this point, see *16 B. Monroe, 699.*

The bill of complaint makes no averment of any right, possessory or otherwise, in the lands on either bank of the river. The statute limits the right of a ferry license to an owner or some one rightfully in possession of the lands, and it was not

in the power of the parties to create a ferry franchise, an incorporal hereditament, transferable and descendable, separate and apart from the real estate, wherewith it was allowed. *Cloys v. Keatts, 18 Ark. 19; Conway v. Taylor's Ex'rs. 1 Black. 603*, and cases there referred to.

The statute law, as found in the chapter above referred to, inhibits the granting of a ferry license to run a ferry within one mile of an established ferry, except at or near cities or towns, where the public convenience may require it.

The bill in this case shows that the license herein complained of, was to carry on a ferry at the town of Lewisburg; whether or not a second ferry created at the town of Lewisburg is for the public convenience, is a question to be determined by the proper county court, and when so determined by such court, it is absolutely binding upon every one, unless exceptions had been taken to that decision and the judgment of that court set aside. *Lindsey v. Lindley, 20 Ark. 573.*

We are of opinion that a ferry franchise cannot be held and conveyed as individual property, absolute and separate from the real estate; such franchise is a grant from the State and has not been made to pass any title absolutely, or in fee, to any private parties, and the same is subject to regulation by the proper authorities for the public good; and a privilege of a grant to individuals, under the statute, is to those owning, or rightfully possessed of lands on the river.

Finding no error, the decree of the court below is affirmed.